UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Crim. No. 3:03CR222(PCD) |
| WILLIAM KING | : | April 15, 2005 |

### MOTION TO REVOKE BOND

The United States of America, by and through the undersigned Assistant United States Attorney, hereby moves pursuant to 18 U.S.C. § 3145 to revoke the defendant's bond.  In support of the motion, the government states as follows:

1.      On June 5, 2003, defendant was arrested and charged by criminal complaint with two counts of Threatening to Murder and/or Assault a Federal Law Enforcement Officer, in violation of 18 U.S.C. Section 115(a)(1), and two counts of Threatening the Present and Vice President of the United States of America, in violation of 18 U.S.C. Section 871.    Defendant was presented on those charges before United States Magistrate Judge William I. Garfinkel that same day.

2.      On June 6, 2003, based upon the allegations in the complaint and the defendant's behavior in the courtroom during his presentment, the government moved pursuant to Rule 12.2(c) and 18 U.S.C. Section 4241 to have the Court order that defendant undergo a full psychiatric and psychological evaluation to determine whether defendant was competent to stand trial.  The Court granted the government's motion.

3.      Thereafter, the defendant was evaluated by Federal Bureau of Prisons' Medical Center in Butner, N.C.  On December 22, 2003, the Butner Medical Center issued a Certification of Restoration of Competency to Stand Trial.

4.      On January 12, 2004, defendant appeared before Magistrate Judge Garfinkel to re-consider the defendant's bond status.  Although the Magistrate Judge Garfinkel was prepared to release the defendant that day, the Court continued its detention order after Deputy United States Marshal Lawrence Bobnich overhead defendant make the following comment to his father in the courtroom:  "If you don't stop threatening me, I'm going to double you down."

5.      On March 9, 2004, defendant appeared again before Magistrate Judge Garfinkel.  During the hearing, the court made a finding that, based upon the report prepared by the Butner Medical Center, the defendant was competent to stand trial.  The court also release the defendant on a $150,000 bond that was partially secured by the sum of $1,000.  The bond was co-signed by the defendant's father, who agreed to act as a third-party custodian.  Lastly, defendant was ordered to attend outpatient treatment at the Regional Outpatient Treatment Center in Bridgeport.

6.      On March 18, 2004, defendant was arraigned before Magistrate Judge Joan G. Margolis.

7.      In April 2004, a jury was selected by the parties.  However, before the trial commenced, the defendant was determined to be incompetent to stand trial.  The court remanded defendant into the custody of the Attorney General, where he was thereafter treated and eventually restored to competency.

8.    On September 2, 2004, a second jury was selected. Trial commenced on September 7, 2004. However, before the government could call its first witness, the court recessed and permitted a psychological evaluation of the defendant by Dr. Michelle Schaefer, of the Forensic Psychology Unit at Yale University. After Dr. Schaefer opined that defendant was not competent, the court declared a mistrial and ordered the government to submit an order committing defendant into the custody of the Attorney General for further treatment.

9.    On September 24, 2004, upon agreement of the parties, the court reinstated the defendant's bond so that he could be taken into the custody by the Stratford Police Department to be arraigned on state threatening charges. The state court determined that King was not competent and he was thereafter committed to Connecticut Valley Hospital for further treatment.

10.    In December 2004, defendant was found by the state court to be competent to stand trial. Defendant was released from CVH. At the time of this writing, it is unclear as to the status of his state charges.

11.    After defendant was released from CVH, he was participating in the transitional housing program at Bridgeport Mental Health, where he was, among other things, receiving treatment for his mental disorder.

12.    On April 14, 2005, the U.S. Probation Office advised that government that defendant has not been participating in his out-patient treatment program with Bridgeport Mental Health for over one month now. Therefore, the defendant is not in compliance with his conditions of release.

Wherefore, for the following reasons, the government respectfully requests that the Court conduct a hearing as soon as possible to determine whether defendant's bond should be revoked until the trial in this matter.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/s/
MARK D. RUBINO
ASSISTANT UNITED STATES ATTORNEY
157 Church Street
New Haven, Connecticut 06510
Tel. (203) 821-3732
Federal Bar No. CT03496

– 4 –

## **CERTIFICATION OF SERVICE**

This is to certify that the foregoing has been sent via fax and U.S. mail this 15th day of April, 2005, to:


Tom Belsky, AFPD
2 Whitney Avenue, Suite 300
New Haven, CT 06510

Wilfredo Duran
U.S. Probation Officer
New Haven, CT

/s/
MARK D. RUBINO
ASSISTANT UNITED STATES ATTORNEY
