UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA              :

                vs.              :              CRIMINAL NO.  3:03-CR222(PCD)

WILLIAM KING              :              June 21, 2005

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS**

      The Defendant, William King, respectfully submits this memorandum in support of his Motion to Dismiss filed June 21, 2005.

**I.  Background.**

      The tortured history of this case began on June 5, 2003, when Mr. King was arrested at the Federal Courthouse in Bridgeport, Connecticut, and charged, *inter alia*, with threatening a federal judge and a court security officer, in violation of 18 U.S.C. § 115(a)(1)(B).  On June 6, 2003, United States Magistrate Judge William I. Garfinkel ordered a mental health evaluation pursuant to 18 U.S.C. § 4241(b).  On June 12, 2003, Mr. King, who had remained in custody since his arrest, was transported to the Federal Medical Center, Devens, Massachusetts, for the evaluation.  On July 25, 2003, Mr. King was released from FMC Devens, and brought back to Connecticut, where he remained in custody.  A report prepared in conjunction with this evaluation opined that Mr. King was not competent to stand trial.  Based on this recommendation, Judge Garfinkel found Mr. King incompetent and ordered, pursuant to 18 U.S.C. § 4241(d), that efforts be made to restore Mr. King to competency.

      On August 5, 2003, the government obtained a two count indictment against Mr. King alleging violations of 18 U.S.C. § 115(a)(1)(B).  On August 8, 2003, Mr. King was taken to the Federal Medical Center, Butner, North Carolina, for restoration to competency.  On December 17, 2003, Mr. King was released from FMC Butner, and returned in custody to this jurisdiction with the recommendation that he had been restored to competency.  On March 9, 2004, Mr. King was released on bond.  On March 18, 2004, Mr. King was arraigned on the charges set forth in the indictment.

- 2 -

On April 20, 2004, a jury was selected for Mr. King's trial. It was agreed at this time that trial would commence on June 21, 2004. On April 27, 2004, however, this Court revoked Mr. King's bond and ordered him detained pending trial. Based on concerns regarding Mr. King's mental status, the Court also put off the trial which was scheduled for June 21, 2004. On June 29, 2004, Mr. King was again released on bond, and jury selection was re-scheduled for September 2, 2004.

Subsequent to this second jury selection, trial was scheduled to start on September 7, 2004. On the first day of trial, however, counsel for Mr. King moved again for a competency examination. Based on an evaluation conducted that day, the Court found Mr. King incompetent to continue with his trial. The Court ordered a mistrial and remanded Mr. King into custody for treatment. On September 24, 2004, Mr. King was again released on bond, specifically to allow him to enter into state custody where he was to be treated in an effort to return him to competency. Mr. King was admitted to Connecticut Valley Hospital (CVH) for mental health treatment and restoration to competency.

On December 23, 2004, Mr. King was released from CVH with the recommendation that he was restored to competency. Mr. King continued released on bond in this case until April 20, 2005, when his bond was again revoked and he was remanded into custody. The parties at that time again indicated their intentions to have Mr. King returned to CVH for another restoration to competency, but to date that has not occurred.

## II. Discussion.

Pursuant to 18 U.S.C. § 3161(c)(1), enacted as part of the Speedy Trial Act, the government must bring a defendant to trial within seventy days from the date an indictment is filed or the defendant "appears" in court, whichever is later. 18 U.S.C. § 3161(c)(1). Failure to comply with this rule mandates, upon a defendant's motion, automatic dismissal of the pending charges either with or without prejudice. 18 U.S.C. § 3162(a)(2) (stating that an indictment "shall" be dismissed upon defendant's motion for a speedy trial violation). In Mr. King's case, while there are a number of different time periods that in the aggregate would demonstrate a violation of the Speedy Trial Act, the most clear cut is the period from December 23, 2004, to the present.

- 3 -

Initially, Mr. King acknowledges that the Speedy Trial Act excludes certain periods of time from the computation to determine a violation. <u>See</u> 18 U.S.C. § 3161(h). This includes "delay resulting from any proceeding, including any examinations, to determine the mental competency of the defendant." <u>Id.</u> In the present case, Mr. King was placed in state custody on September 24, 2004, with the understanding that he would be restored to competency in a state facility. Mr. King was released from the state hospital on December 23, 2004, having been restored to competency. Thus, under § 3161(h)(1)(A), the period of time from September 24 to December 23, is excluded for Speedy Trial purposes. However, on December 23, Mr. King was fully restored to competency and capable of moving to trial. Therefore, the "Speedy Trial clock" began to run again. Even assuming arguendo that the "Speedy Trial clock" started anew, the government still would have been required to bring Mr. King to trial by March 4, 2005. Because this did not happen, the government is in clear violation of the Speedy Trial Act. This Court's only recourse, then, is to dismiss the charges pending against Mr. King. <u>See</u> 18 U.S.C. 3162(a)(2).

Given this violation, the Court must decide whether to dismiss the pending charges with or without prejudice. <u>Id.</u> In making this determination, the Court must consider: (1) the seriousness of the offense; (2) the circumstances leading to dismissal; and (3) the effect of reprosecution on the administration of justice and the provisions of the Speedy Trial Act itself. <u>Id.</u> In the present case, Mr. King respectfully asserts each of these factors weigh in favor of dismissing the pending charges with prejudice.

WHEREFORE, for the reasons stated above, Mr. King respectfully requests that the Court dismiss the pending indictment.

- 4 -

Respectfully submitted,

THE DEFENDANT,
WILLIAM KING

THOMAS G. DENNIS
FEDERAL DEFENDER


/s/

Dated:  June 21, 2005

Thomas P. Belsky
Asst. Federal Defender
2 Whitney Ave., Suite 300
New Haven, CT 06510
Bar No. ct24770
(203) 498-4200

<u>CERTIFICATION</u>

I HEREBY CERTIFY that a copy of the foregoing has been mailed to Mark Rubino, Assistant United States Attorney, P.O. Box 1824, New Haven, CT 06508, on this 21st day of June 2005.


/s/

Paul F. Thomas