UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Crim. No. 3:03CR222(PCD) |
| WILLIAM KING | : June 24, 2005 |

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION TO DISMISS INDICTMENT

The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits this response to defendant's motion to dismiss the indictment in this case alleging violations of the Speedy Trial Act.

Specifically, defendant asserts that more than 70 days have elapsed between December 23, 2004, when defendant was released from CVH after being restored to competence, and the present. Defendant maintains, therefore, that the Speedy Trial Act, 18 U.S.C. § 3162(a)(2), requires dismissal of the indictment.

There is no question that there has been a violation of the Speedy Trial Act since more than 70 non-excludable days have elapsed. The proper remedy is dismissal of the indictment. However, there are compelling reasons why the Court should dismiss the indictment without prejudice. As the Court well knows, the government has been operating in good faith and has worked closely with the defense and the probation office in an attempt to address the defendant's mental health concerns. The government's efforts to assist the defendant and fairly resolve this case have been stymied by the defendant's refusal to take his medication and take his mental health issues seriously. Indeed,

the defendant's own actions have left him mentally impaired during virtually the entire pendency of this case.

Not only has the defendant's condition caused multiple trials to be cancelled and mistried, it has left him unable to participate in plea negotiations. Indeed, after the defendant was released from CVH in December 2004, the government initiated the process of attempting to resolve this matter by way of pre-trial diversion. However, because the defendant ceased his mental health treatment and was therefore no longer in compliance with his conditions of release, such a resolution was no longer possible at that time. Moreover, after the defendant's bond was revoked on April 20, 2005, as a result of his continued refusal to take his medication and participate in his court-ordered out-patient mental health treatment, it was clear that the defendant was not capable of assisting in any decision that needed to be made in his case.

Finally, since the defendant's bond was revoked, the government and the defense have discussed ways to attempt to get the defendant back to CVH for more intensive treatment, with the goal of long-term recovery rather than a quick fix which is what has plagued the defendant's treatment. To date, those attempts have failed.

Plainly, this is not a case where the government has sat idly by and let the Speedy Trial clock run. To the contrary, the government has actively sought to get the defendant the treatment he needs, while letting the charges against him take a back seat. In other words, the government has attempted to do justice in this case. It should not be penalized by having the indictment dismissed with prejudice.

Wherefore, for the following reasons, the government respectfully requests that the Court dismiss the indictment without prejudice.

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY

    MARK D. RUBINO
    ASSISTANT UNITED STATES ATTORNEY
    157 Church Street
    New Haven, Connecticut 06510
    Tel. (203) 821-3828
    Federal Bar No. CT03496

## CERTIFICATION OF SERVICE

This is to certify that the foregoing has been sent via U.S. mail this 24th day of June, 2005, to:

Tom Belsky, AFPD
2 Whitney Avenue, Suite 300
New Haven, CT 06510

Wilfredo Duran
U.S. Probation Officer
New Haven, CT

_____
MARK D. RUBINO
ASSISTANT UNITED STATES ATTORNEY